THE PEOPLE, &c., ex rel. EDWARD P. UNDERWOOD, *v.* EDWARD S. DANIELL, Major, &c.

(GENERAL TERM, SECOND DEPARTMENT, JUNE, 1871.)

The legislature has power, under the State Constitution (art. 11, § 1), to create courts-martial for the discipline of the militia.

And under the Constitution of the United States (art. 1, § 8), and legislation of congress, it is obligatory on the States to provide for such courts as part of their militia system.

Article 6 of the State Constitution has no reference to military courts, but applies exclusively to those of civil judicature.

The provisions of section 2, article 1, of the State Constitution, in regard to the right of jury trial, are not applicable to trials by court-martial.

Nor are those of 2 R. S., 274, § 1, regarding the publicity of the courts.
Nor is section 6, article 1, of the State Constitution, regarding the right to
  appear by counsel.

THE proceedings in this case were brought before the court
by certiorari to the defendant, a major of 13th regiment, N.
Y. State National Guard, as chairman of a military court
martial, appointed for the trial of alleged delinquencies in
that regiment.

It appeared from the return that a summons was issued by
the defendant, as president of the court-martial, directed to
and personally served on the relator, a private in company
H of the regiment, requiring him to appear before a court-
martial on the fourteenth February to answer certain charges
preferred against him for failure to attend certain parades and
drills; that the relator appeared before the court at the time
specified, and objected to its jurisdiction, upon the ground
that the provisions of the act known as the "Military Code,"
passed March 17th, 1870 (Laws 1870, chap. 30), under which
the court-martial was organized, or so much thereof as pre-
scribed the method of procedure and, the method of enforce-
ment of the sentence were unconstitutional. This objection
was overruled, and the relator thereupon demanded permis-
sion to appear by counsel, and that he be tried by jury, and
that his trial should be public. These demands were refused,
and the relator, protesting against the jurisdiction of the
court and method of its procedure, declined to appear further,
and withdrew.

Testimony was thereupon taken before the court tending
to establish his absence from parades and drills as charged,
and he was found guilty and fined therefor to the amount, in
the aggregate, of eighteen dollars. The findings and sentence
were certified to the brigadier-general, by whose order the
court was held, and approved by him, and thereupon the
defendant, as president, &c., issued his warrant to the mar-
shal of the court, directing him to levy and collect the fines,
with his costs, of the goods and chattels of the relator, and,

The People *v.* Daniell.

in default thereof, to arrest him and convey him to the county jail and deliver him to the jailor.

*H. E. Sickels*, for the relator. The provisions (act of 1870, chap. 80, art. 13) under which the proceedings were had are unconstitutional. (Const., art. 6; *Matter of Albany St.*, 11 Wend., 149, 152; *Matter of John and Cherry Streets*, 19 Wend., 659, 676; *Bloodgood* v. *M. and H. R. R. Co.*, 18 Wend., 9, 59; *Taylor* v. *Porter et al.*, 4 Hill, 140, 146; *Barto* v. *Himrod*, 8 N. Y., 483; *Haynor* v. *James*, 17 id., 316; § 1, art. 1, Const. N. Y.; 2 Kent Com., 13; Story on Const., 661; 2 Coke Inst., 45, 59; *People* v. *Howes*, 37 Barb., 440, 456; *Westervelt* v. *Craig*, 12 N. Y., 212; *Wynehamer* v. *People*, 13 N. Y., 378, 392, 416; *Rockwell* v. *Nearing*, 35 id., 302, 305; *Matter of Townsend*, 39 id., 71, 180; Ls. 1846, ch. 139; Doct., 270, § 89; *Wood* v. *City of Brooklyn*, 14 Barb., 482.)

*John S. Burrill*, for the defendant, cited *Livingston* v. *The Mayor* (8 Wend., 100); *Jackson* v. *Wood* (6 Cow., 818, note); *In re Smith* (10 Wend., 449); *Lee* v. *Tillotson* (24 Wend., 337); *Barker* v. *The People* (3 Cow., 686); 20 John., 457; *Rathbun* v. *Sawyer* (15 Wend., 451); Const. 1822, art. 7, § 7; *Plato* v. *The People* (3 Parker Crim., 386); *Wynehamer* v. *The People* (13 N. Y., 378, 427, 458); 1 R. S., 1830, 304–312; *Murphy* v. *The People* (2 Cow, 815); *Duffy* v. *The People* (6 Hill, 75); *Wood* v. *City of Brooklyn* (14 Barb., 425; *Gildersleve* v. *The People* (10 id., 35); *In re Empire City Bank* (18 N. Y., 199); 8 Abb. Pr., 192; *Leggett* v. *Hunter* (19 N. Y., 445); *Bank of Chenango* v. *Brown* (26 id., 467, 529); *Clark* v. *Miller* (42 Barb., 255); *Luke* v. *City* (43 Barb., 54); 2 U. S. Stat. at Large, 359; Act. Ap. 10, 1806; *Ex Parte Milligan* (4 Wallace U. S. S. C. R., 123).

Present—BARNARD, P. J., GILBERT and TAPPAN, JJ.

By the Court—GILBERT, J. The relator is a private in company H, of the 13th Regiment of the National Guard. He

has sued out this writ of certiorari in order to obtain a review of the proceedings of a court-martial, organized and held pursuant to article 13, of chapter 80, of the Laws of 1870, known as the Military Code.

The court-martial adjudged him to have been delinquent in not attending certain parades and drills specified in the judgment, and sentenced him to be fined therefor; which fines, in the aggregate, amounted to $18. The proceedings and sentence were duly approved by the brigadier-general. Whereupon the respondent, as president of the court-martial, issued his warrant to the marshal, directing him to levy and collect said fines, with his costs, of the goods and chattels of the relator, and, in default thereof, to arrest the relator and convey him to the county jail of the county of Kings. It was not disputed on the part of the relator that all these proceedings were conformable to and authorized by said act of 1870, but it was urged on his behalf that the provisions of said act, relating to courts-martial, are unconstitutional and void.

With respect to the merits, it was conceded that the court-martial was organized and proceeded according to the statute. The first question presented is whether courts-martial are authorized by the Constitution. That instrument contains no words which expressly authorize such courts. But we think the legislature has, irrespective of its general powers, the specific power to create them under article nine of the Constitution. The first section of that article provides that "the militia of this State shall, at all times hereafter, be armed and disciplined and in readiness for service." This is a positive requirement of the fundamental law, and of necessity involves the power of carrying it into effect. The legislature, therefore, as the supreme power of the State, have the authority, and it is their duty, to pass appropriate laws to effectuate the object intended. They are the exclusive judges of what laws are proper for this purpose. It cannot be said that the provisions of the statute establishing courts-martial and regulating their proceedings are not fairly within this power.

The power to discipline the militia is *per se* a power to provide for trial and punishment by courts-martial, for such courts have always formed a constituent part of the military system in this country and in England. As was said by the Supreme Court of the United States, in the case of *Milligan*, (4 Wall, 123), "the discipline necessary to the efficiency of the army and navy require other and swifter modes of trial than are furnished by the common-law courts; and in pursuance of the power conferred by the Constitution, congress has declared the kinds of trial and the manner in which they shall be conducted for offences committed while the party is in the military or naval service. Every one connected with these branches of the public service is amenable to the jurisdiction which congress has created for their government." The providing of courts-martial, as one of the means of disci pline for the militia, is rendered obligatory on the States by the legislation of congress, to which the court, in the passage quoted, refers. For, by the Constitution of the United States, the power to provide for organizing, arming and disciplining the militia is conferred upon congress, subject only to the power which is reserved to the States, respectively—namely, of appointing the officers and of training the militia *according to the discipline prescribed by congress.* Congress has prescribed this discipline, and in doing so has provided for courts-martial. The States, in the exercise of the power reserved to them on this subject, are bound to conform to this legislation of congress. Congress, however, has not made specific provisions for the formation of courts-martial, or to regulate their proceedings when formed. The only provision is, that " courts-martial for the trial of militia shall be composed of militia officers only." (Act of 1795, § 6.) In the absence of legislation by congress, the States have full power and jurisdiction over this subject—qualified, at most, by the limitation that the courts, when constituted, shall be military courts. (Const. U. S., art. 1, § 8, sub. 15; Brightley's Dig., 619 *et seq.* ; *Houston* v. *Moore*, 5 Wheat., 1 ; *Martin* v. *Mott*, 12 id., 19.)

It is contended, on behalf of the relator, that article 6 of the Constitution of this State, which establishes and prescribes the courts of this State, and authorizes the legislature to establish inferior local courts, has the effect to prohibit the establishment of courts other than those enumerated, which are not local; that courts-martial are not enumerated and are not local, and are, therefore, within this prohibition. We are of opinion that this article of the Constitution has no reference to military courts, but applies exclusively to courts of civil judicature. The framers of the Constitution, and the people who passed it, must have known that courts-martial were among the usual means for the disciplining of the militia, and had been established by congress, and if there had existed a design to prohibit them, notwithstanding the provision of the Constitution of the United States before cited, which effectually excludes the power to do so, we think it would have been manifested in express words.

If the foregoing views are correct, it is quite manifest that the provisions inserted in the Constitution of this State and of the United States for the protection of the life, liberty, property and rights of the citizens (N. Y. Const., art. 1, §§ 1, 6; U. S. Const., 1st amendment), have no application to this case.

Nor does the provision of the Constitution of this State, that " the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever," govern courts-martial, for the reason that those courts existed long prior to the Constitution, and the trial by jury never prevailed or was used in them. Indeed, such a mode of trial would be wholly incompatible with the object, end and organization of courts-martial.

The only remaining objections brought to our notice are, that the trial of the relator was not in public, as required by 2 Revised Statutes, 274, section 1, and that he was not allowed to appear and defend with counsel. With respect to the first of these, it is sufficient to say that the statute referred to is contained in part 3 of the Revised Statutes, which, according

to the rule of interpretation established by the case of *The People* v. *Molineux* (53 Barb., 10); *S. C.* (40 N. Y. R., 113), is limited to courts and ministers of justice, and proceedings in civil cases, and cannot be extended so as to embrace military courts. The answer to the last objection is not quite so plain. Nevertheless, we are of opinion that the proper construction of section 6 of article 1 of the Constitution, securing the right to appear and defend with counsel, is that it relates only to trials of persons accused of crimes or offences before the ordinary tribunals. It cannot be supposed that this provision of the Constitution was intended to prescribe any part of the discipline of the militia, for this is required to be according to the discipline prescribed by Congress, and Congress might, therefore, at any time, render the constitutional provision inoperative. The language of that clause of the section in which the right to defend with counsel is given is appropriate only to criminal prosecutions, and the right itself is to appear and defend *as in civil actions.* The fair import of this language is to secure the same right to defend with counsel in criminal cases as in civil actions.

Upon the whole, we are of opinion that the proceedings sought to be reviewed are regular and valid.

Judgment accordingly.